UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LISA WILLARDSON,   )<br>            )<br>  Plaintiff,   )<br>            )<br>vs.   )<br>            )<br>THE CLARK COUNTY DISTRICT   )<br>ATTORNEY'S OFFICE, STEVEN B.   )<br>WOLFSON, DISTRICT ATTORNEY,   )<br>            )<br>  Defendants.   )<br>_____ ) | Case No.  2:13-cv-01016-APG-GWF<br><br>**ORDER**<br><br>Motion to Substitute Party (#39) |

This matter is before the Court on Plaintiff's Motion to Substitute Party (#39), filed on February 25, 2014. No Opposition was filed in this matter.

### BACKGROUND

Plaintiff brought this action against Defendants under 42 U.S.C. § 1983 on June 7, 2013. On December 30, 2013, Defendants filed a Notice of Suggestion of the Death of Plaintiff (#35). On February 21, 2014, the Probate Court of the Eighth Judicial District Court, Clark County, Nevada entered an Order appointing Dane Madsen as the executor of Plaintiff's estate and granted Letters Testamentary. *See Doc. #39.* Plaintiff's Counsel now moves this Court for an Order substituting the Estate of Lisa Willardson as Plaintiff in place of Lisa Willardson. *Id.*

### DISCUSSION

Fed. R. Civ. P. Rule 25(a)(1), allows the court to order substitution of a party if a party dies and the claim is not extinguished. Survivorship of a decedent's § 1983 claim is governed by 42 U.S.C. § 1988, concerning the applicability of statutory and common law where federal law is silent about an issue arising in a civil rights action. *See Robertson v. Wegmann*, 436 U.S. 584, 588 (1978). Section 1988 establishes the following three step analysis: 1) the court determines whether the issue before it is addressed by federal law; 2) Absent a federal statute, the court next examines

whether the law of the forum state addresses the issue; 3) finally, the court considers whether application of state law would conflict with the policies underlying the cause of action before the Court. *Id* at 590.

The issue here, the survivability of § 1983 actions, is not addressed by federal statute. *Id* at 589. Looking to state law, Nevada extends the right to bring a survival action to the official representatives of an individual's estate. *See* Nev. Rev. Stat. § 41.100(3). Thus, under Nevada law, § 1983 claims would not abate or otherwise be precluded upon a claimant's death. The question under the third step of § 1988 is whether abatement or preclusion of § 1983 claims conflicts with the policies underlying § 1983. The purpose of § 1983 is two-fold: (1) providing a remedy for those injured by constitutional violations; and (2) deterring or preventing constitutional violations by state actors. *See Robertson*, 436 U.S. at 591. State law is not inconsistent with federal law simply because it causes a plaintiff to lose on her claim. *Id.* at 594. But where the purposes of § 1983 are thwarted, regardless of the impact on a particular plaintiff, the Court will decline to enforce the conflicting state law. Here the Court finds that the Nevada law is consistent with the purpose of § 1983.

Furthermore, no opposition has been filed to this motion. Pursuant to Local Rule 7-2(d), failure of an opposing party to respond to a filed motion "constitute[s] a consent to the granting of the motion." Accordingly,

**IT IS ORDERED** that the Motion to Substitute Party (#39) is **GRANTED**.

DATED this 17th day of March, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge