UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ESTATE OF LISA WILLARDSON, | Case No. 2:13-cv-01016-APG-GWF |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS** |
| STEVEN B. WOLFSON as DISTRICT ATTORNEY OF CLARK COUNTY, NEVADA, in his personal and official capacities; DAVID ROGER as DISTRICT ATTORNEY OF CLARK COUNTY, NEVADA, in his personal and official capacities; MARY BROWN, in her personal and official capacities; DOES 1-10, inclusive, and ROE CORPORATIONS 1-10, inclusive, | (Dkt. No. 5) |
| Defendants. | |

## I. BACKGROUND

The parties are aware of the factual and procedural background of this case. Nonetheless, a brief recap of the procedural history is warranted.

On June 7, 2013, plaintiff Lisa Willardson[1] filed the Complaint.[2] She named as defendants the Clark County District Attorney's Office and Steven B. Wolfson, District Attorney, in his official capacity (the "Original Defendants"). She pleaded the following claims for relief:

---

[1] Lisa Willardson died on December 26, 2013. On March 18, 2014, the Court substituted the Estate of Lisa Willardson for Ms. Willardson. (Dkt. No. 40.) The Court refers to Ms. Willardson and to her estate as "Willardson."

[2] (Dkt. No. 1.)

(1) 42 U.S.C. § 1983; (2) slander / defamation per se; (3) negligent supervision; and (4) declaratory relief.

On June 28, 2013, the Original Defendants filed a motion to dismiss under Rule 12(b)(6) (the "Motion").[3]

On July 9, 2013, Willardson timely filed the First Amended Complaint ("FAC") as of right under Rule 15(a)(1)(B).[4] As indicated in the caption above, she deleted the Clark County District Attorney's Office as a defendant, added two individual defendants, and added personal capacity claims against those individuals under 42 U.S.C. § 1983 (collectively, the "Defendants").

On August 1, 2013, the Defendants filed an answer to the FAC.[5]

This Order resolves the pending motion to dismiss, which the Court denies as moot.

## II. ANALYSIS

"A Rule 12(b)(6) motion must be made *before* the responsive pleading."[6] As an answer is a responsive pleading, a Rule 12(b)(6) motion filed post-answer is untimely.[7] Therefore, in relation to the FAC, the Motion was untimely filed.[8] The Court views the Motion in relation to the FAC rather than to the Complaint because an "amended complaint supersedes the original, the latter therefore being treated as non-existent."[9]

Although there are limited circumstances in which courts will rule on a Rule 12(b)(6) motion filed before an amended complaint, this is not one of them. Willardson added little in the

---

[3] (Dkt. No. 5.)

[4] (Dkt. No. 6.)

[5] (Dkt. No. 14.)

[6] *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 954 (9th Cir. 2004) (citing FED. R. CIV. P. 12(b)(6)).

[7] FED. R. CIV. P. 7(a)(2), 12(b).

[8] *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1529 n.2 (9th Cir. 1993), *overruled on other grounds*, 510 U.S. 517 (1994); *Brisk v. City of Miami Beach, Fla.*, 709 F. Supp. 1146, 1147 (S.D. Fla. 1989) ("Once the defendants filed their answer, it became procedurally impossible for the Court to rule on the motion to dismiss.").

[9] *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).

way of factual allegations, but she changed the configuration of defendants and added new personal capacity claims. It would be inefficient and time-consuming for the Court to parse through the arguments made in the Motion as against the Complaint to determine how and whether those same arguments apply as against the FAC. Moreover, the Defendants could have easily withdrawn the Motion and filed another Rule 12(b)(6) motion in response to the FAC. Instead, they opted to file an answer.

In this instance, the filing of the FAC and the filing of the answer thereto rendered the Motion moot. If the Defendants wish to challenge the FAC, they may file an appropriate motion.

### III. CONCLUSION

The motion to dismiss (Dkt. No. 5) DENIED as moot.

DATED this 26th day of March, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE